

(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

2005 JUL -5 PM 1:13

Clifton J Showell JR

(Name of Plaintiff or Plaintiffs)

v.   CIVIL ACTION No. 05- 462

Midway Slots & Simulcast Gaming Entertainment

(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at 9354 S DuPont Highway P.O. Box 223
(Street Address)
Felton     Kent     DE     19943
(City)    (County)    (State)    (Zip Code)
302-284-8229
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at P.O. Box 310
(Street Address)
Harrington    Kent    DE    19952
(City)    (County)    (State)    (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's Midway Slots & Simulcast  place of bussiness
(Defendant's Name)
located at P.O Box 310
(Street Address)
Harrington    Kent    DE    19952
(City)    (County)    (State)    (Zip Code)

5. The alleged discriminatory acts occurred on __29__, __2__, __2004__
   (Day) (Month) (Year)

6. The alleged discriminatory practice ● is ○ is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,
   __EEOC__ __21 South 5th Street__ __Suite 40__ __Philadelphia__
   (Agency) (Street Address) (City)
   ____ __PA__ __19106__ , regarding
   (County) (State) (Zip Code)
   defendant's alleged discriminatory conduct on __29__, __2__, __2004__
   (Day) (Month) (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: __24__, __5__, __2004__
   (Day) (Month) (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: __4__, __4__, __2004__
   (Day) (Month) (Year)

**(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    A. ○ Failure to employ plaintiff.
    B. ● Termination of plaintiff's employment.
    C. ○ Failure to promote plaintiff.
    D. ○ Other acts (please specify below)

I violated no policy approved by the Video Lottery Midway purchased a substandard IGS System Human Resources department knowing that I had no 2# 3th or final warning. See attach pages. And to Forgery someone name on a documents

11. Defendant's conduct is discriminatory with respect to the following:
   A. ● Plaintiff's race
   B. ● Plaintiff's color
   C. ● Plaintiff's sex
   D. ○ Plaintiff's religion
   E. ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, **Plaintiff prays as follows: (Check appropriate letter(s))**

   A. ○ That all fees, cost or security attendant to this litigation be hereby waived.
   B. ○ That the Court appoint legal counsel.
   C. ○ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 7/5/05

_Clifton J Showell Jr_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

On March 3, 2004 an investigation was conducted regarding a variance that happened on the evening of Sunday, February 29, 2004 at the security TDN (Time, Date, Number machine) by Slot Attendant Georgia Kimball who had received money from the TDN without receiving a slip for the disbursed funds. Policy number #3.281 States in the event of a printer jam, no generated slip, or cash disburmnet error at the Automated Jackpot system, the following procedures are to be followed.
1. The Slot Attendant will call for a Slot Shift Manager who will then notify Surveillance that there was a Slip no money at the TDN indicated.
2. The Slot Shift Manager will take the slip to the Cage (Finance department).
3. Mark the slip "Slip no money"
4. Cage copy slip
5. The cage will then issue the correct funds
6. Copy of the TDN slip, signed by the Shift attesting to the accuracy of the payout.

Ms. Kimball willingly used the password of Clifton Showell without his knowledge or permission. Mr. Showell was not on property on the evening in question. Ms. Kimball received the password of Mr. Showell while they were completing Hopper fill slips in order to meet a deadline imposed by the director of Slots Beverly Pope. The memo is dated December 30, 2003. In essence there's not enough time to collect slips from all CSB (coin storage boxes) which total 8 throughout the casino, manage employees, provide customer service, and assist in clearing the casino and have all work completed by 02:30. Mr. Showell worked as the only Slot Shift Manager until closing for three days alone. The workload was increased to relieve the Finance Department from completing the work alone, and to use maximize usage of the Slot Shifts.

Prior to Mr. Showell's discharge Slot Shifts, Bob Schueler, Brandy Shahan, and Sabrina Jenkins all of whom worked nights had given their IGS number to selected Slot Attendants without any repercussions. The IGS system purchased by Midway was at best substandard providing an inability to properly track jackpots and hopper fills. In reference to tracking jackpots the system would allow jackpots to expire within 40 minutes of the win if not processed. The system failed often and would not pick up signals from certain vendors and allowed for improper payouts based on improper instillation. The other two casinos in Delaware have purchased a similar system but had the upgraded software that processed hopper fill slips automatically without the Slot Shift giving out their password. In reference to the IGS system at Midway the Finance Department was processing the Hopper fill slips at the end of the gaming day, before going out to either impress the machines or remove the cash. Midway was never at a loss for coin because the Finance Department controlled if and when the coin was to be removed. At the end of the gaming day the Surveillance Department would iniate the

7/2/2005

procedure of starting the Drop which in essence no longer allow the Slot Shifts to complete their newly imposed job task of completing the hopper fill slips.

The implementation of the new policy was driven by the Count team Manager Ron Sharpe, Surveillance Manager David Zerbe who manipulated Jay Lewis (who has a limited gaming knowledge) to write a policy for the Slot Department in reference to the hopper fill slips. The memo implied Slot Department would now not only write the hopper fill slips but also process them. During this time there was neither approved policy change nor a memo stating the Slot Department was to complete this task. Mr. Showell alleges as of 30 December 2003, in a memo with the headline, "All Night Shift Managers" are required to collect, input the hopper fill slips in the ISG system and generate a hopper fill slip. The memo closes with each and every nightshift manager will complete this task before clearing the floor, and leaving for the night.

In reference to the discharge of Mr. Showell, Midway gave him a final warning to Clifford Showell. His name is Clifton Showell, therefore demonstrating the Human Resources department's inability to follow the policies they are alleged to enforce. Mr. Showell received a First warning, and then a Final warning, no second warning or third for that matter. There were no Human Resources personnel present for his third warning or his Final warning. On the bottom for the Final warning of Mr. Showell the signature of Beverly Pope is a forgery, as stated by Ms. Pope herself!
Mr. Showell called out (on his scheduled day off) due to illness. Mr. Showell called the Security Podium, and the podium log has been corrected with white out. Midway Security policy states there will be no white out on any security documents. Any mistakes were to be lined through, initialed and the correct information was to begin on the following line. All security logs for the Security Podium are maintained in off site storage for the duration of the casino.

Mr. Showell was held to a different standard than the white male Slot Shift Managers. To include the managers that he had seniority over. The white males used their affiliations with the Moose Lodge or NASCAR to remain clear of any allegations of wrongdoing. The Slot Technical Manager Darryl Nashhold carried on a relationship with a subordinate Slot Attendant named Cindy Hartman. The Surveillance Manger Zerbe was in full knowledge of the relationship but took no action because the are members of the Moose Lodge, and Caucasian. During Mr. Showell's employ Cindy Harman lost a slot bank on the gaming floor and receive virtually no disciplinary actions. Mr. Showell was employed at Midway while other Slot attendants committed lesser offenses and were discharged immediately.

Slot Shift William Bata on one occasion paid a underage customer a taxable jackpot. (Over $1,200.00) The jackpot had to have been verified by him, and it was not discovered until the following day. Bata retains his employment with Midway to this date.

Mr. Showell was being paid at the hourly rate which meant he was not authorized overtime. There are several Slot Attendants who to this day have the IGS password of a

Slot Shift Supervisor, even when the password is changed every thirty days. This is due to sloppy management and operational system shortcomings.

Due to Mr. Showell's desire to be treated within the confines of the Midway Team Member's Bill of Rights he has been met with an unpresented amount of resistance. Midway will not verify his employment and it has caused a great deal of hardship on him and his family. Midway has made it extremely difficult to earn competitive wages, based on their desire to deceive the State of Delaware and the Federal Government.

The policy Midway claims he violated was not a policy approved by the Video Lottery, nor R. Bruce McKee. In essence this was dreamed up, and forced a man to work in a situation that was set up for his failure.

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Clifton J. Showell Jr.<br>9354 S. Dupont Highway<br>P.O. Box 223<br>Felton, DE 19943 | From: | Philadelphia District Office<br>21 South 5th Street<br>Suite 400<br>Philadelphia, PA 19106 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2004-00456 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Marie M. Tomasso_      April 4, 2005

Enclosure(s)     Marie M. Tomasso,      *(Date Mailed)*
District Director

cc: MIDWAY SLOTS & SIMULACAST
Route 13
Harrington, DE 19952