IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLIFTON J. SHOWELL, JR. | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 05-462 JJF |
| | : |
| v. | : |
| | : |
| GAMING ENTERTAINMENT | : |
| (DELAWARE), L.L.C., d/b/a | : |
| MIDWAY SLOTS & SIMULCAST | : |
| GAMING ENTERTAINMENT, | : |
| a Delaware Limited Liability Company, | : JURY TRIAL DEMANDED |
| | : |
| Defendant. | : |

### FIRST AMENDED COMPLAINT[1]

1. This is a civil action for compensatory and punitive damages and injunctive relief for age, race, and sex discrimination arising from the discharge of a then 47 year old African-American male who was employed by Defendant Gaming Entertainment (Delaware), L.L.C. for over 5 years.

### I. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071, 42 U.S.C. § 1981a; Title VII of the Civil Rights Act of 1964, as amended,

---

[1] Because no responsive pleading has been served, the Complaint is amended as a matter of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Specifically, the caption has been revised to include the full legal name of Defendant and the complete civil action number with designation of the Judge. Also, the original ¶¶ 1-14 and the attachments have been replaced with ¶¶ 1 - 75, and the prayer for relief has been replaced with a Wherefore Clause.

42 U.S.C. § 2000e et seq. ("Title VII"); and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

3. The causes of action arise under 42 U.S.C. §§ 1981, Title VII, and the ADEA.

4. All conditions precedent to jurisdiction have occurred or have been complied with. Plaintiff filed a timely administrative complaint with the Delaware Department of Labor which was dually filed with the United States Equal Employment Opportunity Commission. All administrative proceedings have been terminated. Plaintiff received a Notice of Suit Rights on or about April 4, 2005. He filed the initial Complaint in this action on July 5, 2005.

5. Venue is proper in this district because it is the judicial district where Plaintiff was employed, the unlawful employment practices complained of occurred, and the claims arose.

## II. THE PARTIES

6. Plaintiff Clifton J. Showell, Jr. is a 49 year old African-American male. He is a resident of the State of Delaware and resides at 9354 S. DuPont Highway, Felton, Delaware 19943.

7. From approximately July 15, 1998 to March 5, 2004, Plaintiff was employed continuously by Gaming Entertainment (Delaware), L.L.C. At all times material hereto, he was a diligent, honest, and loyal employee who always performed his job in an exemplary manner.

8. Defendant Gaming Entertainment (Delaware), L.L.C. is a Delaware limited liability company doing business as "Midway Slots & Simulcast Gaming Entertainment" ("Midway Slots"). Midway Slots has more than 500 employees. It operates a casino at the Delaware State Fairgrounds, Route 13, Harrington, DE 19952. Its registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

## III. FACTS GIVING RISE TO THE ACTION

A. **Good Employment History**

9. Plaintiff was employed by Midway Slots since approximately July 15, 1998, initially as a Slot Floor Attendant.

10. He later was promoted to Slot Shift Manager where he managed 14 to 20 people.

11. Throughout his employment, Plaintiff received annual evaluations.

12. Plaintiff's annual evaluations rated his performance above expectations.

13. Plaintiff was nominated for an Employee of the Month award in 2002.

14. Plaintiff never received a negative annual evaluation from Defendant.

B. **Demonstrated Antagonism by White Supervisor**

15. In 2003, Plaintiff's supervisor, Slot Director Beverly Pope, gave him a favorable annual evaluation and a 5% raise.

16. However, Tech Slot Manager Daryl Nashold, a white male then approximately age 45, tore up the evaluation and voided Plaintiff's raise.

C. **Factors Usually Ignored Considered**

(1) **Use of Supervisor's Password by Subordinates**

17. On or about December 30, 2003, Plaintiff gave his IGS password to Attendant Georgia Kimball solely to complete hopper fill slips in order to meet a deadline imposed by his supervisor, Slot Director Beverly Pope.

18. At all material times hereto at Midway Slots, it was a common practice for managers to let their subordinates use their IGS passwords to complete assigned work.

19. For example, Sabrina Jenkins, a white female manager in her 30's, and Brandy Shahan, a white female manager in her early 20's, allowed their subordinates to use their IGS passwords to complete assigned work.

20. However, Defendant did not discipline or discharge Jenkins or Shahan.

21. Several of Defendant's Slot Attendants still possess the IGS passwords of their sufficiently younger, white, and/or female Slot Shift Supervisors.

**(2)    Plaintiff's Absence**

22. On Sunday, February 29, 2004, Plaintiff was not on duty and not on the premises of Defendant's casino.

23. On that day, Slot Attendant Georgia Kimball, a white female in her 40's, received a slip from the Time, Date, Number machine ("TDN machine"), but the TDN machine did not disburse the funds of a jackpot.

24. At that time, Kimball used Plaintiff's password without his knowledge or permission to request an override in order to pay out the jackpot.

25. Kimball was not disciplined for this incident.

26. Kimball was not discharged for this incident.

**D.    Discharge**

27. On or about March 3, 2004, Defendant's Human Resources Director Scott Saxon, discharged Plaintiff for allegedly improper use of his IGS password on February 29, 2004.

28. Upon information and belief, the decision was made by Saxon, a white male approximately age 40, and Executive Director of Security and Surveillance Jay Lewis, a white male then approximately age 45.

E.  **Violation of Procedures: Progressive Discipline Policy**

29. Defendant has a progressive discipline policy which mandates that an employee be given a first and then a second warning and then a third warning before a final warning is issued.

30. The policy also requires that a final warning be issued before an employee is discharged.

31. Defendant issued Plaintiff a final warning on or about January 13, 2004.

32. Defendant violated its progressive discipline policy by not issuing Plaintiff a second or third warning before issuing him the final warning.

33. Under Defendant's progressive discipline policy, a human resources representative must be present whenever an employee is issued a third or final warning.

34. No human resources personnel was present for Plaintiff's final warning.

35. Neither Scott Saxon nor any other human resources representative signed Plaintiff's final warning.

36. Plaintiff's supervisor Beverly Pope did not sign Plaintiff's final warning. Instead, Defendant forged her signature in order to discharge Plaintiff.

F.  **Workplace Statistics**

37. At all times material hereto, the majority of Defendant's Slot Shift managers were white.

38. Out of six managers, Plaintiff was the only African-American Slot Shift manager on the night shift in the Slot Department.

G. **Other Disparate Treatment: No opportunity for Non-management Position**

39. Previously in November of 2003, Plaintiff had to undergo dental surgery to have his teeth removed.

40. At that time, Defendant forced Plaintiff to take an unpaid leave of absence because it did not want him to work on the casino floor with his teeth missing.

41. Plaintiff requested that he be allowed to take a demotion to a non-management position away from the casino floor. Defendant refused his request.

42. In contrast, Defendant accommodated female managers with medical issues, including Regina Burrell in 2002, and Sonja in 2004. Both women were allowed to take demotions from management to non-management positions because of medical issues.

43. Defendant denied Plaintiff the same opportunity to take a demotion.

H. **Plaintiff's Injuries and Damages**

44. As a direct and proximate result of the discriminatory actions of Defendant and its agents, as detailed herein, Plaintiff suffered and is suffering lost wages, earnings, overtime, and bonuses; diminished earning capacity now and upon his expected retirement at age 65; decreased employment and earnings opportunities; lost benefits, including but not limited to health, dental, vision, and life insurance, and 401(k) plan participation; loss of enjoyment of life; mental, emotional, and physical pain and anguish; permanent physical injuries; humiliation; embarrassment; injury to reputation; and other pecuniary and non-pecuniary losses and injuries. Plaintiff also has been required to pay for medical visits and medications which he otherwise would not have been required to pay, is still undergoing continuing medical treatment requiring medication, and his injuries are permanent.

## IV. OTHER ALLEGATIONS REGARDING DEFENDANT'S CONDUCT

45. The actions of Defendant were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federally protected rights. Defendant either knew or showed a negligent or reckless disregard for the matter of whether its conduct violated federal rights. Its actions were outrageous and taken with evil or improper motive, in bad faith, out of personal animus or motivated by bias and without any reasonable grounds to support them. Its actions were wanton and malicious or taken with reckless indifference to federally protected rights.

46. Additionally, Defendant, its agents, and employees engaged in the discriminatory practices with malice or with reckless indifference to Plaintiff' federally protected rights, and Defendant is liable for punitive damages pursuant to 42 U.S.C. § 1981a(b).

### COUNT I (DISCHARGE - ADEA)

47. Plaintiff repeats and realleges paragraphs 1 - 46 set out above.

48. Plaintiff's rights were violated under 29 U.S.C. § 621 et seq. because he was discharged or otherwise discriminated against on the basis of his age.

49. Plaintiffs' statutory right to be free of age discrimination has been denied under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

### COUNT II (DISCHARGE - TITLE VII AND § 1981 - RACE)

50. Plaintiff repeats and realleges paragraphs 1 - 49 set out above.

51. Plaintiff's rights were violated under 42 U.S.C. § 1981 and Title VII, because he was discharged or otherwise discriminated against on the basis of his race.

52. Plaintiffs' statutory right to be free of racial discrimination has been denied under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII.

## COUNT III
### (DISCHARGE - TITLE VII - SEX)

53. Plaintiff repeats and realleges paragraphs 1 - 52 set out above.

54. Plaintiff's rights were violated under Title VII, because he was discharged or otherwise discriminated against on the basis of his sex.

55. Plaintiffs' statutory right to be free of sex discrimination has been denied under Title VII, 42 U.S.C. § 2000e et seq.

## COUNT IV (TERMS AND CONDITIONS - ADEA)

56. Plaintiff repeats and realleges paragraphs 1 - 55 set out above.

57. Because of his age, Plaintiff suffered intentional discrimination which was severe or pervasive, regular and continuous. This detrimentally affected him, and it would do so for a reasonable person of the same age in his position.

58. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of an older worker.

59. The acts identified herein were severe and pervasive, regular and continuous, and they created an intimidating, hostile, or offensive work environment.

60. Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of age.

61. Plaintiffs' statutory right to be free of discrimination because of age has been denied under the ADEA and 19 Del. C. § 711(a)(1).

**COUNT V (TERMS AND CONDITIONS - TITLE VII and 42 U.S.C. § 1981 - RACE)**

62. Plaintiff repeats and realleges paragraphs 1 - 61 set out above.

63. Because of his race, Plaintiff suffered intentional discrimination which was severe or pervasive, regular and continuous. This detrimentally affected him, and it would do so for a reasonable person of the same race in his position.

64. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of an African-American.

65. The acts identified herein were severe and pervasive, regular and continuous, and they created an intimidating, hostile, or offensive work environment.

66. Because of race, Plaintiff suffered intentional discrimination which was severe or pervasive, regular, and continuous. This detrimentally affected him, and it would do so for a reasonable person of the same race in his position. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of an African-American.

67. Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of race.

68. Plaintiffs' statutory right to be free of discrimination because of race has been denied under Title VII and 42 U.S.C. § 1981.

## COUNT VI (TERMS AND CONDITIONS - TITLE VII - SEX)

69. Plaintiff repeats and realleges paragraphs 1 - 68 set out above.

70. Because of his sex, Plaintiff suffered intentional discrimination which was severe or pervasive, regular and continuous. This detrimentally affected him, and it would do so for a reasonable person of the same sex in his position.

71. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of a man.

72. The acts identified herein were severe and pervasive, regular and continuous, and they created an intimidating, hostile, or offensive work environment.

73. Because of sex, Plaintiff suffered intentional discrimination which was severe or pervasive, regular, and continuous. This detrimentally affected him, and it would do so for a reasonable person of the same sex in his position. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of a male.

74. Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of sex.

75. Plaintiffs' statutory right to be free of discrimination because of sex has been denied under Title VII.

**WHEREFORE,** Plaintiff prays that the Court:

(a) Enter a declaratory judgment declaring the acts of Defendant to be a violation of Plaintiff's statutory rights.

(b) Enter a judgment against Defendant for compensatory damages, including lost wages, earnings, overtime, and bonuses; diminished earning capacity now and upon his expected retirement at age 65; decreased employment and earnings opportunities; lost benefits, including but not limited to health, dental, vision, and life insurance, and 401(k) plan participation; loss of enjoyment of life; mental, emotional, and physical pain and anguish; permanent physical injuries; humiliation; embarrassment; injury to reputation; and other pecuniary and non-pecuniary losses and injuries.

(c) Enter a judgment for reimbursement of medical visits and medications which he otherwise would not have been required to pay.

(d) Under Title VII and § 1981, enter a judgment against Defendant for punitive damages.

(e) Under the ADEA, enter a judgment against Defendant for statutory liquidated damages.

(f) Issue a mandatory injunction directing Defendant to reinstate Plaintiff to the position of Slot Shift Manager or an equivalent position, or alternatively, issue a mandatory injunction directing the Defendant to place him in the position to which he would have normally progressed but for the illegal discrimination against him.

(g) Alternatively, issue a mandatory injunction requiring Defendant to place Plaintiff in the next appropriate vacancy to which he normally would have been entitled.

(h)     Award front pay until Plaintiff can be reinstated or placed in a comparable or appropriate position.

(i)     Issue a permanent injunction requiring Defendants to:

    (i)     Notify everyone who learned of Defendant's treatment of Plaintiff that its conduct was illegal,

    (ii)    Expunge Plaintiff's personnel files of any derogatory information relating to this matter,

(j)     Award Plaintiff costs, interest, and attorney's fees for this suit.

(k)     Require such other and further relief as the Court deems just and proper under the circumstances.

**LAW OFFICE OF JOHN M. LaROSA**

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQUIRE**
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Attorney for Plaintiff Clifton J. Showell, Jr.

Dated: January 9, 2006

Attorney Files/John's Files/Client Files/SHOWELL/Pleadings/First Amended Complaint