IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLIFTON J. SHOWELL JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-462 JJF |
| | ) | |
| GAMING ENTERTAINMENT (DELAWARE), | ) | |
| L.L.C., d/b/a MIDWAY SLOTS AND | ) | JURY TRIAL DEMANDED |
| SIMULCAST GAMING ENTERTAINMENT, | ) | |
| A Delaware Limited Liability Company, | ) | |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

1. No answer necessary.

2. Admitted that this is the basis of jurisdiction. Defendant does not have sufficient information to admit or deny whether jurisdiction has been validly invoked.

3. Admitted.

4. Defendant does not sufficient information to admit or deny this averment.

5. Admitted.

6. Admitted.

7. The first sentence is admitted. The second sentence is denied.

8. Admitted except denied that Defendant has ever employed more than 500 employees.

9. Admitted.

10. Admitted.

11.  Admitted.

12.  The evaluations speak for themselves.

13.  Admitted.

14.  The evaluations speak for themselves.

15.  The evaluation speaks for itself. Admitted that Plaintiff was given a 5% raise, but this was not the highest percent raise he could have been given.

16. Denied.

17.  Admitted that Plaintiff gave his password to Georgia Kimball. Otherwise denied.

18.  Denied. For a further answer, Defendant avers that management of Defendant was not aware of and did not encourage or condone the giving out of IGS passwords.

19.  Denied. For a further answer, Sabrina Jenkins is African-American.

20.  Denied.

21.  Defendant does not sufficient information to admit or deny this averment.

22.  Admitted.

23.  Defendant does not sufficient information to admit or deny this averment.

24.  Denied.

25.  Denied.

26.  Admitted. For a further answer, Ms. Kimball was issued a Final Written Warning.

27.  Denied.

28.  Denied. For a further answer, Defendant avers that the decision was made by Beverly Pope, an African-American female.

29. Admitted that Defendant has such a policy but denied that it is mandatory under all circumstances.

30. Denied.

31. Admitted, except that the warning was issued on January 14, 2004.

32. Denied.

33. Denied.

34. Admitted.

35. Admitted. For a further answer, the Final Written Warning prepared by Beverly Pope was reviewed by Scott Saxon before it was issued to Plaintiff.

36. Denied.

37. Admitted.

38. Denied.

39. Defendant does not have sufficient information to admit or deny this averment.

40. Denied. For a further answer, Plaintiff elected voluntarily to take a two and one-half month FMLA leave to have his teeth removed, beginning May 25, 2003. At Plaintiff's request, Defendant used his available sick pay to pay his medical insurance deductions, so that he would not have to pay them from his personal assets while he was on a leave of absence.

41. Admitted. For a further answer, Plaintiff asked to be demoted after receiving counseling for performance deficiencies. Defendant denied his request because he had been a manager for a substantial amount of time, with access to his subordinates' personnel files, and Defendant believed it would be inappropriate for him to work as a peer with persons about

whom he possessed confidential information. Also, Defendant did not choose to reward Plaintiff by allowing him to avoid having to improve his performance deficiencies.

    42.    Denied.

    43.    Denied. For a further answer, Plaintiff never requested to be demoted because of a medical issue.

    44.    Denied.

    45.    Denied.

    46.    Denied.

    47.    Defendant incorporates herein by reference its answers to Paragraphs 1 through 46.

    48.    Denied.

    49.    Denied.

    50.    Defendant incorporates herein by reference its answers to Paragraphs 1 through 49.

    51.    Denied.

    52.    Denied.

    53.    Defendant incorporates herein by reference its answers to Paragraphs 1 through 52.

    54.    Denied.

    55.    Denied.

    56.    Defendant incorporates herein by reference its answers to Paragraphs 1 through 55.

    57.    Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Defendant incorporates herein by reference its answers to Paragraphs 1 through 61.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendant incorporates herein by reference its answers to Paragraphs 1 through 68.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## AFFIRMATIVE DEFENSES

76. To the extent Plaintiff's Complaint was not filed within 90 days after his receipt of a Notice of Right to Sue, his claims are time-barred.

77. To the extent Plaintiff's claims are not the subject of a timely-filed charge of discrimination, Plaintiff's Title VII and ADEA claims are barred for failure to exhaust administrative remedies.

78. To the extent Plaintiff unreasonably delayed in filing his charge of discrimination, his claims are barred by the doctrine of laches.

79. Plaintiff has failed to state a claim upon which relief can be granted.

80. To the extent Plaintiff's § 1981 claims are based on conduct that occurred more than four years before the filing of his Complaint, those claims are time-barred.

81. Notwithstanding Defendant's general denials and other affirmative defenses, to the extent Plaintiff establishes that his race, sex or age were determinative factors for any employment decision challenged herein, Defendant would have taken the same action in the absence of such factors.

82. All of Defendant's actions challenged herein were taken for legitimate nondiscriminatory reasons and for reasonable factors other than age.

83. To the extent Plaintiff has failed to mitigate his damages, he is barred from recovering from Defendant.

84. Plaintiff is not entitled to recover compensatory or punitive damages under the ADEA.

85. Defendant did not act with malice or reckless indifference to the rights of Plaintiff.

86. Although Defendant denies that Plaintiff was exposed to a hostile work environment, it asserts that it exercised reasonable care to prevent and correct promptly any

harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

WHEREFORE, Defendant demands that the Complaint be dismissed with attorney's fees and cost assessed against Plaintiff.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        _/s/ S. N. Sandler_____
        Sheldon N. Sandler, Esquire (No. 0245)
        Seth J. Reidenberg, Esquire (No. 3657)
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6673
        Facsimile: (302) 576-3330
        Email: ssandler@ycst.com
        Attorneys for Defendant

DATED:    February 21, 2006

## CERTIFICATE OF SERVICE

I, **Sheldon N. Sandler, Esquire**, hereby certify that on **Tuesday, February 21, 2006**, I electronically filed a true and correct copy of the foregoing **Answer To First Amended Complaint**, which will send notification that such filing is available for viewing and downloading to the following counsel of record. A courtesy copy of such **Answer** was also hand delivered to the following counsel of record on this date.

John M. LaRosa, Esquire
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/_____
Sheldon N. Sandler, Esquire (No. 0245)
Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com
Attorneys for Defendant

DATED:   February 21, 2006